IDA STERNFELD, Respondent, v. THOMAS WILLISON, Appellant.

Third Department, November 15, 1916.

Motor vehicles — negligence — passenger alighting from trolley car struck by automobile — proof justifying recovery.

The plaintiff, on alighting from a south-bound trolley car at a street intersection and transfer point and during the "rush" hour of business, passed to the rear of the car she left and in front of a north-bound trolley car which was also at a standstill, and as she cleared the front of the latter car, was struck by the defendant's automobile which he drove through the narrow space between the trolley and the east curb line without sounding a horn.

Held, that the jury were justified in finding the defendant guilty of negligence and the plaintiff free from contributory negligence.

Contributory negligence cannot be attributed to the plaintiff because she did not look to the south before she was struck, for the view in that direction was completely obstructed by the standing car and the law does not require that one do the impossible.

APPEAL by the defendant, Thomas Willison, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 18th day of May, 1916, upon the verdict of a jury for $1,200, and also from an order entered in said clerk's office on the 20th day of May, 1916, denying defendant's motion for a new trial made upon the minutes.

*Visscher, Whalen & Austin* [*H. Leroy Austin* of counsel], for the appellant.

*Daniel J. Dugan* and *Isadore Bookstein,* for the respondent.

HOWARD, J.:

On election day, November 2, 1915, two trolley cars were standing side by side on North Pearl street in Albany. One of them was headed south, one north. It was six o'clock in the evening and lights were lit. The plaintiff was transferring from the south-bound car to the north-bound car. The front end of the north-bound car was about three feet north of the rear end of the south-bound car. This was a street intersection and a transfer point. It was the "rush" hour and passengers were permitted to get on the front end of the cars. The plaintiff alighted from the south-bound car, walked past the rear end of that car, and past the front end of the other car, signaling as she went to the motorman to wait for her. She looked straight ahead as she crossed the tracks, which would be east, and she looked up at the motorman, which would be south. Just as she stepped over the east rail of the north-bound track she was hit by the defendant's automobile and injured.

That the defendant was grossly negligent seems very apparent. It was in the night, and at the "rush" hour, at a "busy" corner. Two trolley cars were discharging and receiving passengers. The space to the east of the north-bound car

was narrow. Well knowing all this, and being well acquainted with conditions there (for his place of business was only a block away) the defendant drove his car, without sounding his horn, into this narrow space between the east curb and the trolley car. He drove slowly, he says, but he drove so close to the trolley car that the United Traction Company inspector, who was assisting passengers on and off the car, was forced to "squeeze in," so that the automobile would not hit him. The defendant says that he stopped at the rear end of the north-bound car, and waited until the conductor had closed the rear door, and given signals to go ahead. But he did not wait until the car moved ahead, nor until the passengers were out of the way.

There can be no doubt of the defendant's negligence, and his attorney, while not conceding negligence, makes but little of that point in his brief; but he does contend vigorously that the plaintiff was palpably guilty of contributory negligence. He argues stoutly that she did not look south, the direction from which the auto came. But this argument seems to be utterly devoid of force. She could not look south. The trolley cars, particularly the north-bound car, completely obstructed her view in that direction, and after she had passed the cars, and before she could look, the auto hit her. She did look in all other directions. Of course she was not compelled to accomplish the impossible. The law has never demanded that.

The appellant relies confidently upon *Knapp* v. *Barrett* (216 N. Y. 226). I do not see that any new rule or principle is there propounded. That case did not turn upon the application of any new doctrine as to contributory negligence; neither did it impose any new duties upon pedestrians crossing the streets. The judgment was reversed because the trial justice charged, in that case, that "The law did not require that he [the plaintiff] should look at all." Of course this unaccountable instruction to the jury was so grossly incorrect and harmful as to be fatal. The general rules laid down in the opinion of Judge Cardozo, although logical, sensible, sound and well written, are all familiar and have long been established.

In the case at bar the plaintiff did all that the law required

of her. She looked in every direction that she could look; she used her faculties as well as conditions would permit. The charge of the trial justice was correct, and, so far as the plaintiff's interest went, severe. The jury found her free from negligence. Their verdict was well warranted.

The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs.